UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

BENJAMIN MARK S.,

        Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Case No. 1:17-cv-00348-AC

ORDER ON ATTORNEY FEES

ACOSTA, Magistrate Judge:

Before the court is Plaintiff Benjamin Mark S.'s[1] Unopposed Motion and Memorandum for Attorney fees pursuant to 42 U.S.C. § 406(b). Although Plaintiff is the claimant in this case, the real party in interest to this motion is his attorney, Tim Wilborn ("Wilborn"). The Commissioner does not oppose the motion, but merely acts in a manner similar to "a trustee for the claimant[]." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 (2002). Having reviewed the proceedings below and the

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

amount of fees sought, the court concludes that Wilborn is entitled to fees under Section 406(b) in the amount of $21,542.00.[2]

*Procedural Background*

Plaintiff protectively filed his application for a period of disability and disability insurance benefits on October 8, 2015, alleging disability beginning November 1, 2013. The claims were denied initially and on reconsideration. On September 8, 2016, the ALJ issued an unfavorable decision finding that Plaintiff was not disabled under the Act. The Appeals Council denied Plaintiff's request for review.

On March 1, 2017, Plaintiff filed a Complaint in this court seeking review of the Commissioner's final decision. On May 29, 2018, the court issued an Opinion and Order reversing and remanding the ALJ's decision for an immediate calculation and payment of benefits. (Op. & Order, ECF No. 20.)

On August 23, 2018, Plaintiff was awarded attorney fees in the amount of $7,053.33 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Order, ECF No. 24.) Wilborn represents that of the $7,053.33, the federal government confiscated $4,719.63 to pay Plaintiff's debts pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010). Thus, Wilborn received an EAJA fee of $2,333.70. (Mot. Att'y Fees at 7 n.6, ECF No. 25.) On March 20, 2019, Plaintiff filed the instant petition for attorney fees under Section 406(b) in the amount of $21,542.00, less the amounts previously received by Plaintiff's counsel under the EAJA. The Commissioner does not oppose the motion.

---

[2] The parties have consented to jurisdiction by magistrate judge in accordance with 28 U.S.C. § 636(c)(1).

*Legal Standard*

After entering a judgment in favor of a Social Security claimant who was represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of twenty-five percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). An award of fees under § 406(b) is paid from claimant's past due benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796-807 (2002). Accordingly, when a court approves both an EAJA fee and a § 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Id.*

Under *Gisbrecht*, the court must first examine the contingency fee agreement to determine whether it is within the statutory 25 percent cap. *Id.* at 800. The court also must "'review for reasonableness fees yielded by [contingency fee] agreements.'" *Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) (*en banc*) (quoting *Gisbrecht*, 535 U.S. at 808)). As set forth in *Crawford*, the court must apply the following factors: (1) the character of the representation, (2) the results achieved, (3) any delay attributable to the attorney requesting the fee, (4) whether the benefits of the representation were out of proportion with the time spent on the case, and (5) the risk assumed by counsel in accepting the case. *Id.* at 1151-52.

*Discussion*

Here, the terms of the contingent-fee agreement between Plaintiff and Wilborn are within the statutory limits of § 406(b). The $21,542.00 in attorney fees Wilborn seeks do not exceed 25 percent

of the past due benefits awarded to Plaintiff.[3] (Mot. Supp. Att'y Fees at 1-2, 7 & Ex. 1 at 16.) Thus, the terms of this agreement are within the statute's limit.

The court has reviewed the record in the case, the motion, and the supporting materials including the award of benefits, the fee agreement with counsel, and the recitation of counsel's hours and services. Applying the standards set by *Crawford*, the court finds the requested fees reasonable. There is no indication that Wilborn was either ineffective or dilatory, and he achieved a favorable result for Plaintiff. Furthermore, the amount of fees requested is not out of proportion to the work performed by Wilborn, and the benefits are not so large in comparison to the amount of time counsel spent that a reduction of the fees requested is justified. Finally, Wilborn does not assert any risks unique to this case, and the court identifies none. Wilborn does not seek an adjustment to the requested fee based on risk factors and the court concludes no such adjustment is warranted. In short, after applying the *Gisbrecht* factors, as interpreted by *Crawford*, the court finds that Plaintiff's counsel has demonstrated that a 25 percent fee is reasonable for this case.

*Conclusion*

For these reasons, Plaintiff's Unopposed Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 25) is GRANTED and Wilborn is awarded $21,542.00 in attorney fees. In light of the $2,333.70 in EAJA fees previously received by Wilborn, the Commissioner is directed to send

---

[3] In *Culbertson v. Berryhill*, the Supreme Court held that the 25 percent cap in § 406(b)(1)(A) "applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)." 139 S. Ct. 517, 523 (2019); *accord Clark v. Astrue*, 529 F.3d 1211, 1215 (9th Cir. 2008) (holding that 25 percent cap under § 406(b) applies only to fees awarded for representation before the district court and does not limit the total fees that may be recovered under §§ 406(a) and (b)). Here, Wilborn seeks the full 25 percent, less the amounts received under EAJA, and does not indicate that he represented Plaintiff in the administrative process. (Mot. Att'y Fees at 7 & Ex. 1 at 16.)

4 - ORDER ON ATTORNEY FEES

the send the balance of $19,208.30, less any applicable processing or user fees as allowed by statute to Plaintiff's attorney at Tim Wilborn Law Office, P.C., P.O. Box 370578, Las Vegas, NV 89137.

IT IS SO ORDERED.

DATED this /st day of APRIL, 2019.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　JOHN V. ACOSTA
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge